IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ENRIQUE VÉLEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMN'R OF SOC. SEC.,<br><br>Defendant. | CIV. NO.: 14-1203(SCC) |

**MEMORANDUM AND ORDER**

In this Social Security appeal, which is before me on the parties' consent, I rendered judgment affirming the Commissioner's decision. In the course of the opinion doing so, an order to show cause was entered as to Atty. Fabio Roman-García. When he failed to respond to that Order, he was fined and another order to show cause issued. When he failed to comply with that order too, he was fined again and a third order to show cause was entered, and Atty. Roman was ordered to appear at a hearing. That hearing was held on

October 26, 2015. I now recommend more serious sanctions against Atty. Roman.

### 1. Factual Background

In the course of this case, Atty. Roman wrote a memorandum of law in which he claimed that the Dictionary of Occupational Titles's definitions of several specific jobs stated that the positions "entail[ed] understanding and carrying out 'detailed' written or oral instructions." Docket No. 28, at 13. But when I looked up the definitions of the same jobs in the version of the DOT available on the Department of Labor's Website, I found no such language. Docket No. 31, at 6. Concerned about the possibility that Atty. Roman had misrepresented the DOT, I ordered him to show cause for this apparent discrepancy. *Id.* at 6 & n.2. This First Order to Show Cause ("OSC") was entered on September 29, 2015, and a response was due by October 9, 2015.

Atty. Roman did not respond to the First OSC, and so on October 13, 2015, I fined him $250 and ordered him to show cause for this failure. Docket No. 33. A response to this Second OSC was due by October 15, 2015. This was not answered either, and so on October 19, 2015, a Third OSC was entered. Docket No. 34. This Order fined Atty. Roman an additional

$500, payable on October 20, 2015, and set a show cause hearing for October 26, 2015. *Id.* Atty. Roman paid the assessed fines, but he did so two days late (and thus paid an additional $100, pursuant to the Third OSC).

He also appeared at the October 26, 2015, hearing. Acknowledging that his conduct was inappropriate, Atty. Roman nevertheless tried to explain it by reference to a medical condition that began in February 2015; he said that as a side effect of some of the medications prescribed, he has suffered from depression that has made it difficult to take an interest in his practice. As a result, he said, two or three of his cases had been dismissed by judges in this District.

I told Atty. Roman that I was sympathetic to his medical condition but said that my own research had suggested that his problem complying with Court orders had not begun in February 2015; rather, as I explain in more detail below, it had begun a decade ago if not earlier. Atty. Roman responded that some of his cases don't have much merit, and if he learns that after they are filed, he has, essentially, abandoned those cases. Though he claimed to have discussed those decisions with his clients, he acknowledged that in retrospect he had not handled those cases properly insofar as he had disobeyed orders or

failed to prosecute his cases.

With regard to this case in particular, Atty. Roman claimed that while he had wanted to file a written response to the Court's orders, his depression had not allowed it; he could not find the energy. As to the matter that had initially caused me concern, Atty. Roman claimed that on his CD-based, WestLaw-published version of the DOT, the "detailed instruction" language was in fact used. He did not, however, think to bring a print-out from his DOT showing this to be true. In closing, Atty. Roman said that he had lost interest in his law practice and suggested that he might look for someone else to take it over.

### 2. Analysis

Regrettably, had Atty. Roman timely responded to the First OSC, he would undoubtedly have escaped sanctions. As it turns out, the discrepancy that I noticed was caused not by a misrepresentation, but by a difference in how WestLaw and the Department of Labor publish the DOT. For example, one of the positions at issue in this case was labeler, which the DOT classifies at 920.687-126. In the version of the DOT I used, the entry for this position does not speak to instructions, much less detailed ones. However, it contains what the DOT refers to as

a "trailer," which reads like this: "GOE: 06.04.37 STRENGTH: L GED: R2 M1 L1 SVP: 2 DLU: 84." To understand this inscrutable code, one must refer to Appendix C, which, relevantly, explains that "GED: R2" means that the job has "Reasoning Development" level of 2, which requires an ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." So there is the "detailed instructions" requirement to which Atty. Roman had referred. Granted, it is technically part of the "trailer" rather than the job description, but, as Atty. Roman intimated at the hearing, this distinction is elided by WestLaw: it does not include the trailer, but rather incorporates Appendix C's longer definitions directly into the position definition.[1] Thus Atty. Roman's claim in his memorandum of law was substantially correct, and it certainly deserved no sanctions.

The problem is that Atty. Roman did not make this straightforward explanation in response to the First OSC; indeed, he did not respond at all. He did not timely comply with two further OSCs either. And when he finally appeared for a

---

1. Thus, the entry for Labeler says: "Reasoning: Level 2—Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions."

hearing, he admitted to mishandling his recent cases and professed a lack of interest in his caseload. This alone would be a cause for real concern, as it could raise doubts about whether Atty. Roman were, at the moment, competent to handle cases before this Court. But it turns out there is further cause for concern. Atty. Roman's repeated failures to comply with my orders caused me to look into his record before this court. What I found gives context to his most recent failures, and causes me great concern.

I began by making a list of all of Atty. Roman's cases initiated in this district since January 1, 2000.[2] Not including this one, I counted 55 cases filed since that date, all of which were Social Security appeals. I then divided the cases into two periods—2000 to 2003, and 2004 to the present—because an initial look showed that around 2004, what had been a poor record before this Court turned into an appalling one. I summarize below.

In the years 2000 through 2003, Atty. Roman filed 28 cases in this Court. In at least seven of these—25% of the total—the

---

2. Atty. Roman has been practicing in this district since at least the 1980s. However, I only looked at cases since 2000 because our CM/ECF system lacks many relevant documents in cases filed before that date.

presiding judge dismissed the action because of Atty. Roman's failure to prosecute or comply with Court orders. *See* Civ. Nos. 01-1721(PG), 01-2526(HL), 02-2341(PG), 02-2752(PG), 02-2753(JAG), 03-1327(JP), 03-2372(DRD). In most of the remaining cases from this period—twelve, by my count—Atty. Roman failed to comply with Court orders, but the Court nonetheless decided the matter on its merits, *see* Civ. Nos. 00-1636(CCC), 00-2361(CCC), 00-2634(JAF), 01-1451(JAF), 01-1720(SEC), 01-2527(DRD), 01-2611(JAF), 02-1814(JAF), 02-1958(JAF), 02-2258(SEC), 02-2388(JAF), 02-2853(JAF); in many of these cases, Roman failed to even file a memorandum of law,[3] despite Court orders to do so, *see* Civ. Nos. 00-1636(CCC), 00-2634(JAF), 01-1451(JAF), 01-2611(JAF), 02-1814(JAF), 02-1958(JAF), 02-2258(SEC), 02-2853(JAF). In an additional five cases, the action was decided on its merits without any substantive filings by Atty. Roman, though no orders to show cause were filed. *See* Civ. Nos. 01-2521(SEC), 02-2852(JAG), 03-1034(DRD), 03-1662(JAG), 03-1910(HL). It is thus in only *four* cases during these years that Atty. Roman fully complied with

---

3. I note that during the hearing, Atty. Roman referred to the memorandum of law as the most important part of a Social Security appeal.

his duties without prodding by the presiding judge; a quarter of his cases were dismissed, and in most of the rest he showed a tendency to do less than was reasonably expected.

After 2003, this poor record got worse. Since the beginning of 2004, Roman has filed 27 cases not including this one. Incredibly *21* of those—about 78%—have been involuntarily dismissed because of Atty. Roman's failure to either prosecute or comply with Court orders. *See* Civ. Nos. 04-1007(JAG), 04-1502(PG), 04-1714(CCC), 04-1796(SEC), 04-2048(JAG), 04-2049(JAG), 05-1913(JP), 05-2088(JAF), 05-2217(CCC), 06-1667(DRD), 06-1668(JP), 07-1412(DRD), 07-1413(JAG), 07-1463(CCC), 07-1772(JAG), 07-2206(JAG), 08-1142(JAG), 08-1705(DRD), 14-1387(MEL), 14-1390(BJM), 14-1696(MEL). In five of the remaining cases, the Court issued judgment on the merits only after issuing at least one—and often several—orders to show cause to Atty. Roman. *See* Civ. Nos. 04-1781(HL), 06-2233(JAF), 10-1924(MEL), 11-1167(MEL), 12-1388(MEL). And in his only case currently pending, the Court has twice ordered Atty. Roman to show cause for failures to comply; the second of those Orders, which was issued in May 2015, has yet to be complied with. *See* Civ. No. 14-1698(BJM). What this means is that in *every* case that Atty. Roman has filed

since 2004, the judge has found it necessary to rely on orders to show cause or other coercive means to force Atty. Roman to comply with his obligations; more than three-quarters of the time, the end result has been involuntary dismissal.

### 3. Conclusion

During the hearing, Atty. Roman told the Court that he had lost interest in his legal practice. His conduct in this case, taken in the context of his record over the last decade, shows just how true this is. I understand that Atty. Roman is suffering from depression and other ailments, and I am sympathetic to his plight. But while it explains some of his history, it does not justify it and, more importantly, cannot mitigate the great potential harm that might be caused by an attorney who has nearly all of his cases involuntarily dismissed for non-compliance. Because I do not believe that Atty. Roman is capable of providing legally sufficient representation to his clients before this Court, I reluctantly refer this matter to the Chief Judge with the recommendation that he be stricken from the role of attorneys admitted to practice before this Court.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of October 30, 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE